SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
(302) 856-5257

July 1, 2014

N 440 - State Mail
Mr. Marcus Dennis
SBI #003
Sussex Correctional Institution
P. O. Box 500
Georgetown, DE 19947

Robert Robinson, Esquire
Office of the Public Defender
14 The Circle, 2nd Floor
Georgetown, DE 19947

Alexander Funk, Esquire
Curley & Benton
20 Beiser Boulevard, Suite 202
Dover, DE 19904

Melanie Withers, Esquire
Department of Justice
114 E. Market Street
Georgetown, DE 19947

RE: **State vs. Marcus Dennis**
**ID #1109010347 (R-1)**
**Motion for Postconviction Relief**

**Date Submitted: June 12, 2014**

Dear Mr. Dennis & Counsel:

On October 21, 2013 Marcus Dennis ("Dennis") filed a Motion for

Postconviction Relief pursuant to Superior Court Criminal Rule 61. ("Rule 61").

Alexander Funk, Esquire ("Mr. Funk") was appointed to represent Dennis. Mr.

Funk requested additional time to review investigation and amend the Motion. The

extension of time was granted.

On May 14, 2014 Mr. Funk filed a Motion to Withdraw pursuant to Rule 61(e)(2). By correspondence to the Court and to Dennis, Mr. Funk made Dennis aware that he had thirty (30) days to respond, in writing, to the Motion to Withdraw. Dennis has not filed anything with the Court.

## BACKGROUND

Dennis and his girlfriend, Tonya Carpenter, ("Carpenter"), were charged with a home invasion and robbery of a Ralph Short, age 78, and his wife, Linda Short, age 63. He was convicted following a jury trial on March 12, 2012 of Robbery in the First Degree, Burglary in the Second Degree, and Wearing a Disguise During a Felony. He was sentenced to a total of 30 years Level V suspended after 11 years and the successful completion of the Key Program for Level 4 Crest and 8 years of Level 3.

That Court notes that upon being arrested and learning that his co-defendant, Carpenter, had admitted that she and Dennis had robbed the victims, Dennis then confessed.

## DIRECT APPEAL ISSUES

Dennis claimed prosecutorial misconduct involving the dropping of charges

against Mr. Short at the beginning of his trial.[1] The Supreme Court found no prosecutorial misconduct.[2]

Dennis claimed that the prosecutor deliberately elicited false identification evidence from Mr. Short.[3] At trial, Mr. Short testified in error that he had previously identified Dennis as the robber.[4] The immediate defense objection was sustained and the jury was instructed to disregard the erroneous testimony.[5] The Supreme Court found that Dennis suffered no prejudice.[6]

Dennis claimed that the arrest and search warrants lacked probable cause.[7] Upon a review of the search warrant affidavit and arrest warrant affidavit, the Supreme Court found both to contain probable cause.[8]

The Defendant claimed that the Sentencing Court's use of the SENTAC aggravator "vulnerability of the victim" was inappropriate because the victim's age

---

[1] *Dennis v. State*, 2013 WL 1749807, at *2 (Del. Apr. 23, 2013) (TABLE).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* at *3.

[8] *Id.*

was an element in his robbery conviction.[9]  The Supreme Court found no merit as to this claim.[10]

The *pro se* Postconviction Motion of Dennis raises the following claims:

(1) The search and arrest warrants did not contain probable cause.  Therefore, all evidence should have been suppressed;

(2) There was no suppression motion filed by trial counsel;

(3) Trial counsel failed to investigate the reasons for the State's dismissal of the charges against the victim.  The dismissal of these charges were not raised to attack the victim's credibility;

(4) Trial counsel did not raise mitigating factors at sentencing;

(5) The use of the "vulnerability of the victim" at sentencing was a "doubling up" because age was a consideration in the robbery charge;

(6) Prosecutorial misconduct in regard to the victim's identification testimony which was stricken from the record.  Prosecutorial misconduct in regard to the Attorney General's Office dismissal of the victim's open charges occurring at the start of Dennis' trial.

### MR. FUNK'S RULE 61(e)(2) MOTION

As to the matter of the lack of probable cause, Mr. Funk's position is that the

---

[9] *Id*.

[10] *Id*.

search warrant affidavit provided sufficient information for a magistrate to have found probable cause. The search provided the evidence that involved Dennis to the robbery, and therefore, taking him into immediate custody pending subsequent warrants was legal.

As to the failure to file a suppression motion, Mr. Funk notes that same would have been unsuccessful based on probable cause and evidence linking Dennis to the home invasion.

As to the "vulnerability of the victim," Mr. Funk notes this is a SENTAC sentencing aggravator.

As to the prosecutor misconduct claim by eliciting a false identification, Mr. Funk notes that the trial record does not support a claim of prosecutorial misconduct.

Mr. Funk concluded that there were no meritorious Rule 61 claims.

## DECISION

(1) Probable cause is contained in the affidavits, but more importantly, is the fact that the Supreme Court has adjudicated this complaint on direct appeal and denied same. It is procedurally barred pursuant to Rule 61(i)(4).

(2) Trial counsel was not derelict in not filing a suppression motion. Also, the Supreme Court's decision finding probable cause means there can be no prejudice.

(3) Trial counsel was aware of the charges against Mr. Short being dismissed

and chose not to explore this matter on cross examination. The Court cannot find that this was objectively erroneous under *Strickland v. Washington*.[11] Mr. Short's testimony was that a home invasion occurred, he was hog-tied and prescription pills were stolen. He did not link Dennis to the crime. That the crime occurred was not in dispute, so a credibility attack on Mr. Short would have basically been an exercise in futility. Nor could there be any prejudice to Dennis arising from the failure to cross examine Mr. Short on his charged, but dismissed criminal offenses. Dennis fully confessed to the entire episode. Dennis put himself inside the victim's home while wearing a mask and possessing what was said to be a BB gun. This claim has no merit.

(4) Trial counsel did raise mitigating factors at sentencing. Specifically, he noted that Dennis took responsibility for his conduct, he was a "hands on" employable carpenter, that his addiction was a result of a workplace injury (prescription pills) and that Dennis did not use a working firearm, but a BB gun. Counsel noted the positive reports from his family. There is no basis for this conclusory complaint. It is denied.

(5) The "vulnerability of the victim" was adjudicated in the Supreme Court and is therefore procedurally barred pursuant to Rule 61(i)(4).

(6) The mater of Mr. Short's "identification" testimony was also adjudicated

---

[11] 466 U.S. 668 (1984).

by the Supreme Court and it is procedurally barred pursuant to Rule 61(i)(4). Finally, the Supreme Court found no prosecutorial misconduct arising from the charges being dropped against the victim. Therefore, this claim has been adjudicated and is procedurally barred pursuant to Rule 61(i)(4).

Mr. Funk's motion to withdraw is **granted**. The pending Rule 61 Postconviction Motion is hereby **denied**.

IT IS SO ORDERED.

Very truly yours,

*/s/ T. Henley Graves*

T. Henley Graves

THG/ymp

pc:    Prothonotary